108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Shires WINSON, Jr., Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden; Terry Peetz; J. Hixon; C.
Shephard, P.B. Long; A.R. Deines; David Tristan,
Defendants-Appellees,
and
B. Bark, Associate Warden; C.J. Johnson; E.S. Rodriguez, Defendants.
 No. 96-16117.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Richard Shires Winson, Jr. appeals pro se the district court's summary judgment for defendants in Winson's 42 U.S.C. § 1983 action. Winson alleged that defendants violated his First Amendment rights when they refused to deliver racially inflammatory mail to him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir.1996), and we affirm.
 
 
 3
 Winson contends that the district court erred by granting defendants summary judgment on his First Amendment claim. This contention lacks merit.
 
 
 4
 Prisoners have a First Amendment right to receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). A prison action that infringes upon an inmate's right to receive mail is valid if the action is " 'reasonably related to legitimate penological interests.' " See O'Keefe, 82 F.3d at 325 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Whether the action is reasonable depends upon whether: (1) the regulation has a logical connection to the legitimate government interests put forth to justify it; (2) alternative means of exercising the asserted right remain open to the inmate; (3) accommodation of the asserted right will impact other inmates, guards, and prison resources; and (4) ready alternatives exist that will fully accommodate the inmate's rights at de minimis cost to the proffered penological interests. See id.
 
 
 5
 Here, Winson failed to establish a material factual dispute regarding whether defendants' conduct was reasonably related to the legitimate penological interests of preserving institutional security and discipline. See Harper v. Wallingford, 877 F.2d 728, 733 (9th Cir.1989); see also Stefanow v. McFadden, 103 F.3d 1466, 1472-73 (9th Cir.1996). In contrast, defendants produced several affidavits stating that the inflammatory nature of the literature they withheld from Winson would likely cause a conflagration of racial violence between black and white inmates, thereby directly threatening the safety of other inmates and prison officials in the Security Housing Unit at Pelican Bay State Prison. See Stefanow, 103 F.3d at 1474. We afford deference to defendants' expressed security concerns. See id. at 1473; Harper, 877 F.2d at 733. Accordingly, we conclude that defendants' decision to withhold the racially inflammatory materials from Winson was logically related to preserving prison security and discipline. See Stefanow, 103 F.3d at 1474; Harper, 877 F.2d at 733.
 
 
 6
 The uncontroverted evidence also establishes that defendants did not impose a blanket ban on all incoming materials sent to Winson. Because defendants did not withhold nonracially inflammatory materials from Winson, defendants left alternative avenues for Winson to exercise his First Amendment rights. See Stefanow, 103 F.3d at 1474; Harper, 877 F.2d at 733. Thus, the second Turner factor also supports defendants' actions. See Harper, 877 F.2d at 733.
 
 
 7
 In addition, the significant "ripple effect" on the safety of other inmates and prison staff supports defendants' decision to withhold the inflammatory literature from Winson. See Stefanow, 103 F.3d at 1474. Moreover, defendants averred in an affidavit that the increased administrative costs associated with the alternative of editing the offending language from the suspect publications before delivering the materials to Winson would render this option economically impractical. See O'Keefe, 82 F.3d at 326. The third Turner factor therefore supports defendants' decision to withhold the racially inflammatory materials from Winson. See Stefanow, 103 F.3d at 1474; O'Keefe, 82 F.3d at 326.
 
 
 8
 Finally, Winson failed to identify an alternative accommodation that would impose only a de minimis cost on prison security and discipline. See Harper, 877 F.2d at 733-34. Accordingly, we conclude that the final Turner factor also supports defendants' decision to withhold the suspect materials from Winson. See id.; see also Stefanow, 103 F.3d at 1475.
 
 
 9
 Applying the four Turner factors to this case, we conclude that defendants' decision to withhold racially inflammatory materials from Winson was reasonably related to maintain prison security and discipline. Accordingly, we affirm the district court's summary judgment for defendants. See Stefanow, 103 F.3d at 1475.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Winson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Winson failed specifically to address his contentions regarding appointment of counsel, default judgment, and discovery in his opening brief, we conclude that he has abandoned these contentions on appeal, and we therefore do not address these issues. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)